IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**CONNIE SUE BANE**                                                                                   **PLAINTIFF**

VS.                              No. 4:22-cv-00464 PSH

**KILOLO KIJAKAZI, Acting Commissioner,**
   **Social Security Administration**                                          **DEFENDANT**


**ORDER**


The defendant, Kilolo Kijakazi ("Kijakazi"), moves to remand this case for further administrative proceedings pursuant to sentence four of 42 U.S.C. § 405(g).

The history of this case includes two remands by this Court and one remand by the Appeals Council. Plaintiff Connie Sue Bane ("Bane") has testified five times. Bane's alleged onset date is January 30, 2013.

The most recent administrative hearing occurred on February 14, 2022. A medical expert, Dr. Gerald Frankel ("Frankel"), testified at this hearing, along with Bane and a vocational expert. Relying upon the vocational expert, the Administrative Law Judge ("ALJ") found Bane capable of performing the jobs of marking clerk and cleaner/housekeeper. Accordingly, the ALJ found Bane was not disabled during the

1

relevant time frame (from January 30, 2013 through December 31, 2015).

One of Bane's claims for relief in her brief is that the ALJ failed to properly evaluate and assign weight to Frankel's hearing testimony, as required by 20 C.F.R. §§ 404.1527(c) and 416.927(c). Kijakazi concurs, and requests a remand for the ALJ to weigh Frankel's testimony and, if necessary, reassess her residual functional capacity and complete the remaining steps in the sequential evaluation.

While agreeing that the ALJ erred in failing to weigh Frankel's testimony, Bane contends the proper cure is the immediate awarding of benefits. Bane correctly cites the protracted history (pending for eight years) of the case. The mere passage of time, however, does not resolve the question, and the burden of proving her disability remains with Bane. The ALJ's consideration of Frankel's testimony is ambiguous, indicating Frankel agreed with earlier opinions that Bane was disabled but also noting Frankel cited other factors (e.g., lack of follow up treatment) which did not support disability.

Under the circumstances the Court finds remand for proper consideration of Frankel's testimony to be appropriate. The motion to remand (docket entry no. 15) is granted. This is a "sentence four" remand within the meaning of 42 U.S.C. § 405(g) and *Melkonyan v. Sullivan*, 501 U.S. 89 (1991).

IT IS SO ORDERED this 15th day of February, 2023.

_____
UNITED STATES MAGISTRATE JUDGE