IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**CONNIE SUE BANE**                                                                                       **PLAINTIFF**

**VS.**                          **No. 4:22-cv-00464 PSH**

**KILOLO KIJAKAZI, Acting Commissioner,**
     **Social Security Administration**                                                   **DEFENDANT**


ORDER

Plaintiff Connie Sue Bane ("Bane") moves for an award of attorney fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d). Bane seeks an EAJA award of $14,945.88, consisting of 61.50 hours of attorney time at an hourly rate of $236, costs of $402, and expenses of $29.88. Defendant Kilolo Kijakazi ("Kijakazi") concedes an award is proper and does not contest the hourly rate requested but objects to the hours expended.

Kijakazi contends a reduction in hours is warranted, submitting there are six separate areas in which reductions are appropriate.

First, Kijakazi challenges the number of hours devoted to Bane's appeal brief. Bane's attorney spent 36.50 hours on the brief. There is precedent in this District for

a finding that 15-20 hours is a reasonable amount of time for preparing a typical appeal brief. *McCarty v. Astrue*, No. 4:11-cv-00022, 2012 WL 2571229, at *3 (E.D. Ark. July 2, 2012) (citing *Kramer v. Apfel*, 57 F. Supp. 2d 774, 775 (S.D. Iowa 1999). Bane correctly argues this case is not typical, with a voluminous transcript of over 2000 pages and a ten-year history. While this is true, Bane's counsel represented her at the administrative level and was therefore familiar with the background and issues. Also, while the record and history of the case are a bit atypical the legal issues were not novel. The Court finds an award slightly above the typical range is appropriate, and will reduce the award by 11.50 hours to 25 hours.

    Next, Kijakazi challenges the 11.8 hours Bane's attorney expended opposing the motion to remand. Kijakazi sought remand and Bane argued against remand, urging the proper action was reversal with an award of benefits. Ultimately, remand, not reversal with benefits, was awarded. These hours are, in large part, excluded. Bane did not prevail on this issue. *See Hensley v. Eckerhart*, 461 U.S. 424 (1983). Perhaps more importantly, Bane had already argued for reversal with benefits in her appeal brief, and had already cited the lengthy history of the case as a reason for such a decision. See Doc. No. 13, pages 21-23. The opposition to remand, though citing different cases, advanced the same argument as in Bane's original brief. While it may have been appropriate to briefly oppose the motion for remand it was redundant to

raise the same arguments, and these hours are reduced from 11.8 to 2.

Kijakazi next cites twenty-one time entries recorded by Bane's attorney. These entries range from .1 to 1.5 hours and include fifteen entries involving the review and/or sending of e-mails. Kijakazi contends many of the entries were more clerical in nature and did not require the expertise of an attorney, and argues there should be a reduction of 1.2 hours. Some of these entries (.4 hours for "matters admin") are difficult to ascertain, and difficult to tie to attorney duties. The Court will reduce the award by .4 hours.

Similarly, Kijakazi claims time entries totaling 1.2 hours for service of process and preparation of the civil cover sheet are clerical duties not necessitating attorney time. The Court agrees with the analysis in *Eoff v. Kijakazi*, No. 4:20-cv-708, 2022 WL 2290495, at *2 (E.D. Ark. Apr. 28, 2022), where .5 hours of attorney time was compensated for these tasks. Accordingly, the award is reduced by .7 hours.

Kijakazi also argues for a 2 hour reduction for twelve time entries for review of ECF notices about the filing of the complaint, consent to a Magistrate Judge, a scheduling order, orders relating to Kijakazi's motion for additional time, the filing of the transcript, notices of appearance, and a motion to substitute counsel. Again, Kijakazi views these entries as purely clerical and not compensable under EAJA. Kijakazi is correct that review of a motion for additional time, notice of appearance,

and similar entries should consume very little time. *See, e.g., Guzman v. Kijakazi*, No. 2:20-cv-2145, 2021 WL 3701343 at *2 (W.D. Ark. Aug. 17, 2021) (allowing .05 hours for review of opposing counsel's entry of appearance). The award is reduced by 1.5 hours.

Last, Kijakazi objects to the time spent (2.0 hours) preparing the timesheet and EAJA petition. The fee petition (about one page) and attachments (an affidavit, a Department of Labor CPI Index, and an itemized statement of fees, costs, and expenses) are not complex pleadings/entries, and the award is reduced by .5.

In summary, the award is reduced from 61.50 to 37.10 hours. At a hourly rate of $236.00, attorney's fees in the amount of $8,755.60 is awarded, along with costs of $402.00 and expenses of $29.88, for a total of $9,187.48.

IT IS SO ORDERED this 8th day of May, 2023.

UNITED STATES MAGISTRATE JUDGE