# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# CENTRAL DIVISION

**CONNIE SUE BANE**                                                                                    **PLAINTIFF**

**VS.**                                    **No. 4:22-cv-00464 PSH**

**COMMISSIONER OF SOCIAL**
**SECURITY ADMINISTRATION**                                                            **DEFENDANT**

## ORDER

Nicholas L. Coleman ("Coleman"), attorney for plaintiff Connie Sue Bane ("Bane"), seeks an award of attorney's fee in the amount of $58,429.48 pursuant to 42 U.S.C. § 406(b). Coleman's motion is granted.

Defendant Commissioner of the Social Security Administration ("the Commissioner") responded to Coleman's motion. *See* Doc. No. 29. Coleman and the Commissioner agree to the legal principles guiding the Court, as set forth in *Gisbrecht v. Barnhart*, 535 U.S. 789 (2002). The Supreme Court explained:

. . . we conclude, § 406(b) does not displace contingent-fee agreements as the primary means by which fees are set for successfully representing Social Security benefits claimants in court. Rather, § 406(b) calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases. Congress has provided one boundary line: Agreements are unenforceable to the extent that they provide for fees exceeding 25 percent of the past-due benefits. § 406(b)(1)(A) (1994 ed., Supp. V). Within the 25 percent boundary, as petitioners in this case acknowledge, the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered. . .

Courts that approach fee determinations by looking first to the contingent-fee agreement, then testing it for reasonableness, have appropriately reduced the attorney's recovery based on the character of the representation and the results the representative achieved. *See, e.g., McGuire*, 873 F.2d, at 983 ("Although the contingency agreement should be given significant weight in fixing a fee, a district judge must independently assess the reasonableness of its terms."); *Lewis v. Secretary of Health and Human Servs.*, 707 F.2d 246, 249–250 (C.A.6 1983) (instructing reduced fee when representation is substandard). If the attorney is responsible for delay, for example, a reduction is in order so that the attorney will not profit from the accumulation of benefits during the pendency of the case in court. *See Rodriquez*, 865 F.2d, at 746–747. If the benefits are large in comparison to the amount of time counsel spent on the case, a downward adjustment is similarly in order. *See id.*, at 747 (reviewing court should disallow "windfalls for lawyers"); *Wells*, 907 F.2d, at 372 (same). In this regard, the court may require the claimant's attorney to submit, not as a basis for satellite litigation, but as an aid to the court's assessment of the reasonableness of the fee yielded by the fee agreement, a record of the hours spent representing the claimant and a statement of the lawyer's normal hourly billing charge for noncontingent-fee cases.

535 U.S. at 807–08.

Two questions flow from *Gisbrecht*. The first question – is the fee sought within the 25 percent boundary – is answered in the affirmative, as Coleman seeks exactly 25 percent of the past-due benefits awarded to his client.

On the second question – is the fee reasonable for the services rendered – the Court finds the award of the full 25 percent is reasonable in this instance. Coleman correctly distinguishes the facts here from *Kertz v. Colvin*, No. 24-1045 (8th Cir. Jan. 17, 2025), where the Eighth Circuit affirmed a reduction of a fee request where Coleman spent 25.1 hours on a case resolved through an unopposed motion to remand. Here, Coleman successfully litigated three federal appeals, represented Bane in five administrative hearings, and dealt with a record of over 2,000 pages. Coleman's representation in the case spanned over five years, from February 2018 until benefits were awarded in October 2023.

The Court is aware that the award in this case exceeds Coleman's typical hourly rate of $350, and is further aware that awards vary from case to case in this district and in other district courts in the Eighth Circuit.[1]

---

[1] **Error! Main Document Only.** As noted in *Lowery v. Colvin*, 2016 WL 4500507 "cases run the gamut of recovery amounts." Perhaps the most instructive case is *Bates v. Colvin*, 2014 WL 5420283 (another case from the Eastern District of Arkansas) ($17,460, the full 25 percent contingency fee, awarded to attorney, who spent over five years seeking benefits for the client).

3

While the amounts awarded vary greatly, one constant remains: the Court is tasked with probing the contingency fee agreement for reasonableness. The complexity of this case, the time expended, the risk of no recovery, and the persistence required in this case persuades the Court that the full award of $58,429.48 would not be a windfall to Coleman. Since Coleman previously received an EAJA award of $20,144.31, Commissioner is directed to pay Coleman the net amount of $38,295.17.

IT IS SO ORDERED this 25th day of February, 2025.

_____

UNITED STATES MAGISTRATE JUDGE